■ KATHLEEN OSBORN et al., Appellants, v ANDRUS PAVILION OF ST. JOHN'S RIVERSIDE HOSPITAL et al., Respondents. — Appeal by plaintiffs from an order of the Supreme Court, Westchester County (Cerrato, J.), dated March 22, 1983, which granted the motions of defendant hospital and defendant doctors to dismiss the complaint for failure to state a cause of action. ¶ Order affirmed, with one bill of costs. ¶ Plaintiffs' claim for recovery is essentially predicated

upon the emotional trauma suffered by plaintiff mother as a result of the death of their six-day-old child. Based upon this emotional trauma, plaintiffs have also asserted a derivative cause of action for loss of each other's companionship and services. Plaintiffs have not alleged, however, that they themselves were subjected to an unreasonable risk of bodily injury due to the alleged negligence of defendants. ¶ Absent subjection to a danger of bodily harm emanating from the breach of duty of reasonable care owed to them, plaintiffs may not recover for emotional and psychic harm resulting from the death of their infant (see *Friedman v Meyer*, 90 AD2d 511; *Aquilio v Nelson*, 78 AD2d 195; cf. *Bovsun v Sanperi*, 61 NY2d 219). The "touchstone of liability" in such cases is the "breach by the defendant of a duty of due care owed the plaintiff' (*Bovsun v Sanperi, supra*, p 233). The court in *Bovsun* (*supra*, pp 230-231) held that "where a defendant negligently exposes a plaintiff to an unreasonable risk of bodily injury or death, the plaintiff may recover, as a proper element of his or her damages, damages for injuries suffered in consequence of the observation of the serious injury or death of a member of his or her immediate family — assuming, of course, that it is established that the defendant's conduct was a substantial factor bringing about such injury or death". In adopting the zone-of-danger rule in this context, the Court of Appeals explicitly noted that it was not rejecting prior decisions in which it denied recovery for emotional distress emanating from the death or serious injury of a family member (*Bovsun v Sanperi, supra*, p 232; e.g., *Kennedy v McKesson Co.*, 58 NY2d 500; *Lafferty v Manhasset Med. Center Hosp.*, 54 NY2d 277; *Vaccaro v Squibb Corp.*, 52 NY2d 809; *Becker v Schwartz*, 46 NY2d 401; *Howard v Lecher*, 42 NY2d 109). The court went so far as to declare that in the factual situation presented in *Tobin v Grossman* (24 NY2d 609) it would today reach the same conclusion as it reached therein "inasmuch as the plaintiff mother there was not within the zone of danger and the defendant breached no duty of reasonable care owed to her" (*Bovsun v Sanperi, supra*, pp 232-233). ¶ In the instant case, not only did plaintiffs not sustain any bodily injury but, more significantly, they failed to assert that they were subjected to an unreasonable risk of bodily injury by negligent conduct on the part of defendants. To allow recovery for emotional trauma under such circumstances would constitute an unwarranted extension of *Bovsun v Sanperi* (*supra*). We refuse to so extend the doctrine beyond traditional tort concepts. Mangano, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.