OPINION OF THE COURT
John G. Connor, J.
Plaintiffs herein move to amend the complaint as to the fifth cause of action. As a result of the recent Court of Appeals decision of Bovsun v Sanperi (61 NY2d 219) plaintiffs move to include as part of their damages injuries suffered by the infant mother’s shock and fright resulting from the consequential observation of a serious physical injury her daughter sustained.
While ascending an escalator the infant plaintiff, Shauna Collesides, fell forward pulling her mother’s hand. The mother bent down to pick up the infant daughter. Before she could grab her, the fifth finger of her left hand became lodged in the comb plate of the escalator. Plaintiffs allege in their supporting affidavit, that at the time the infant daughter’s finger became wedged in the comb plate, the mother’s hands were in close proximity to the comb plate. Witnessing the accident, the mother helplessly observed the daughter have her finger ripped from her hand while waiting for help. Approximately 5 to 10 minutes transpired before anyone could locate the emergency shutoff button.
*414 As a result of the mother’s haunting experience in witnessing her daughter’s horror and her attempt to assist her, the mother now claims emotional damages and trauma.
The defendant opposes the motion to amend the complaint based, upon Bovsun (supra) in that the mother was not threatened with physical injury and was therefore a mere bystander as set forth in Tobin v Grossman (24 NY2d 609).
The issue herein presented is whether the mother may seek damages in consequence of the shock or fright resulting from the contemporaneous observation of the serious physical injury to her immediate family albeit that she did not receive any independent physical injuries.
In a closely divided decision, the Court of Appeals in Bovsun (supra) has followed the zone of danger rule, allowing one who is himself or herself threatened with bodily injury in consequence of the defendant’s negligence, to recover for emotional distress resulting from viewing the death or serious physical injury of a member of his or her immediate family. Bovsun (supra) in not following the sweeping liability recognized in Dillon v Legg (68 Cal 2d 728) follows the zone of danger rule. Where a member of a family is injured in the presence of such family member and such injury negligently exposes such person to an unreasonable risk of bodily injury or death, he or she may recover as a proper element of his or her damages, damages suffered in consequence of the observation of the serious injury.
The majority in the Bovsun case (61 NY2d 219, supra) declines to adopt the “impact rule” as an alternative to the Dillon rule (68 Cal 2d 728, supra). As noted in footnote 9 on page 231: “We decline to adopt this impact rule (although there was such impact in each of the two appeals now before us) inasmuch as it is conceptually inconsistent with our holding in Battalla v State of New York (10 NY2d 237), where we abolished the impact requirement in negligent infliction of emotional distress cases.”
In modification of the Tobin case (24 NY2d 609, supra) Justice Jones recites (61 NY2d, at p 232): “We recognize that our decision in these two appeals may be perceived as *415 overruling, or at least as rejecting in a significant respect, the rationale on which our decision in Tobin was predicated, notwithstanding that the precise issue presented in the appeals now before us was not presented in Tobin.”
It would therefore follow that the Bovsun case (supra) does not require physical contact in addition to emotional or psychological injury. The psychic injuries herein alleged are not in the opinion of this court incapable of acceptable proof or overly susceptible to fraudulent claim and plaintiffs are therefore entitled to amend their complaint accordingly.