OPINION OF THE COURT
Kristin Booth Glen, J.
This case presents an important issue of first impression — whether the decision of the Court of Appeals in Bovsun v Sanperi (61 NY2d 219) permitting an award of damages to an accident victim’s family members who were within the “zone of risk” at the time of an accident, should be applied retroactively where the accident and commencement of the action occurred prior to the Bovsun decision. The question arises on plaintiff’s motion to amend the complaint to add a cause of action for emotional distress,[1] since if the Bovsun decision is to be applied prospectively only, no purpose would be served by permitting the amendment. Before this issue can be decided, however, the facts and the procedural history as well as the general requirements for late amendment must be briefly reviewed.
*886 FACTS
As alleged in the complaint, the facts are as follows: Defendant Edwards and Kelcey Engineering Co., Inc., (Edwards and Kelcey) is a licensed professional engineering company which, prior to June 11, 1980, had entered into a contract with the City of New York in connection with a public improvement project at 184th Street and Morris Avenue in The Bronx. Prior to June 11,1980, there was a leakage from a gas line in the vicinity of the construction site. Complaints were made to defendant concerning the strong odor of gas. On June 11, 1980, the leakage caused an explosion on the construction site and a building on the premises collapsed, causing a large quantity of wreckage to fall on the public sidewalk.
Plaintiff Lillian Megnauth and her child, Melissa, were lawful pedestrians on the sidewalk at the time of the explosion. Both were struck by falling wreckage, and each sustained severe injuries as a result. These injuries subsequently caused the child’s death.
PROCEDURAL HISTORY
The verified complaint in this action, which alleges a cause of action in negligence, was timely served.[2] The Statute of Limitations expired on June 11, 1983.[3] On May 23, 1984, plaintiff served the instant motion for leave to amend the complaint, to claim additional damages based on the Court of Appeals recent decision in Bovsun v Sanperi (supra), published on April 11, 1984.
STANDARDS FOR AMENDMENT
Under CPLR 3025 (subd [b]), leave to amend a complaint “shall be freely given upon such terms as may be just”, provided that no significant prejudice will result to the party opposing amendment, and that the movant can demonstrate a reasonable probability of success on the merits. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3025:5, 6, 8, 11, 12.) In addition, CPLR 203 (subd [e]) provides: “A claim asserted in an *887 amended pleading is deemed to have been interposed at the time the claims in the original pleadings were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.”
PREJUDICE
In order to defeat a motion to amend, the opposing party must show significant prejudice traceable to the original pleading’s failure to apprise the opponent of the facts underlying the new cause of action. (Siegel, Practice Commentaries, id.) In other words, if the proposed amendment does not add new facts to the case, but seeks only to add a new ground of liability, then leave to amend should be especially freely granted. (Id.)
In this case, the original pleading put the adverse party on notice of the facts from which the new claim arises. Moreover, the defendant has failed to allege, much less demonstrate, any specific prejudice that would accrue from a granting of the motion. It is apparent that the initial complaint placed Edwards and Kelcey on notice of all the facts in support of the proposed new cause of action, including the explosion and the resulting injuries to Lillian and Melissa Megnauth. Defendant knew, therefore, that it would have to defend a personal injury action. Accordingly, I hold that defendant has failed to demonstrate sufficient prejudice to defeat the motion to amend.
LIKELIHOOD OF SUCCESS
The likelihood of success of plaintiff’s proposed new claim depends on whether the Bovsun decision, which enlarges the scope of damages, is given retroactive application. The general rule as to retroactivity, as enunciated by the Court of Appeals is that: “[C]onsonant with the common law’s policy-laden assumptions, a change in decisional law usually will be applied retroactively to all cases still in the normal litigating process * * * By way of departure from this generality, however, where there has been such a sharp break in the continuity of law that its impact will ‘wreak more havoc in society than society’s interest in stability will tolerate’ * * * a court may direct that it *888 operate prospectively alone.” (Gager v White, 53 NY2d 475, 483-484, cert den sub nom. Guertin Co. v Cachat, 454 US 1086.)
In Gurnee v Aetna Life & Cas. Co. (55 NY2d 184, cert den 459 US 837), the Court of Appeals codified Gager and adopted the three-part standard for retroactive application set forth by the United States Supreme Court in Chevron Oil Co. v Huson (404 US 97). In order to direct retroactive application of a decision, a court must analyze: (1) Whether the decision establishes “ ‘a new principle of law, either by overruling clear past precedent on which litigants may have relied * * * or by deciding an issue of first impression whose resolution was not clearly foreshadowed’ (2) “the prior history of the rule at issue and the impact of retroactive application upon its purpose and effect”; (3) “any inequity” that would result from retroactive application. (Gurnee v Aetna Life & Cas. Co., supra, at p 192.) The elements of this test will be considered seriatim.
The first prong, i.e., whether the decision creates a new principle of law, was determined by the Court of Appeals in Bovsun (61 NY2d 219, supra) itself. The court emphasized that its decision did not create a new cause of action. It held (pp 232-233):
“The zone-of-danger rule that we adopt here is not inconsistent with the past decisions of our court that have denied recovery for emotional distress attributable to a family member’s death or injury * * * None of those cases involved plaintiffs who had themselves been subjected to a danger of bodily harm * * *
“We are not today creating a new cause of action which has not heretofore existed under the tort law of New York; rather we are recognizing the right of a plaintiff to whom the defendant has owed but breached a duty of reasonable care (as determined under traditional tort principles) to recover as an element of his or her damages, those damages attributable to emotional distress caused by a contemporaneous observation of injury or death of a member of the immediate family * * * There may be an enlargement of the scope of recoverable damages; there is no recognition of a new cause of action or of a cause of action in favor of a party *889 not previously recognized as entitled thereto.” (Emphasis added.)
The court distinguished previous cases, which denied recovery of damages for emotional distress, on the ground that in those cases the plaintiff was not within the zone of danger. Therefore, “in none of these cases would the result have been different” under the rule applied in this case. (Bovsun v Sanperi, supra, at p 232.) Indeed, the court indicated certain language in its previous decisions which foreshadowed the resolution of the Bovsun issue. (Supra, at p 228.)[4]
Thus, Bovsun (supra) neither overrules clear past precedent nor decides an issue of first impression whose resolution was not previously foreshadowed, and, the first of the three parts of the Gurnee test for retroactive application is satisfied.
The second prong of the Gurnee test requires an examination of the impact that retroactive application of Bovsun (supra) would have. Bovsun itself states that the rule is intended both to broaden the duty concept by permitting recovery of damages not previously allowed, yet simultaneously to restrict potential liability by mitigating the possibility of unlimited recovery. (Bovsun v Sanperi, supra, at p 229.)
Quoting the American Law Institute’s (A.L.I.) explanation of the rationale for the zone-of-danger rule, the Bovsun court said: “ ‘[T]his exception to the general rule that there cannot be recovery for emotional disturbance, or its consequences, arising from the peril of a third person lies in the fact that the defendant, by his negligence, has endangered the plaintiff’s own safety and threatened him with bodily harm so that the defendant is in breach of an original duty to the plaintiff to exercise care for his protection.’ ” (Bovsun v Sanperi, supra, p 230 [citations omitted].)
*890 The impact of retroactive application of Bovsun (supra) will not be unduly severe, since, as the A.L.I. points out, the defendant already owed plaintiff a duty of care. The rule neither creates a new duty nor permits recovery by one who would not otherwise be entitled to recover.
Defendants may assert, however, that they relied on the pre-Bovsun law, which did not provide a damage remedy for emotional distress in these circumstances. (See, e.g. Incorporated Vil. of Northport v Guardian Fed. Sav. & Loan Assn., 87 Misc 2d 344, 348-349, affd 54 AD2d 893.) However, defendant has only a weak reliance interest in this case, because the courts have merely added a new element of damages to an already existing cause of action. It is unlike the case where one who had no liability at all is suddenly subject to a lawsuit for damages. Moreover, defendant’s reliance on the pre-Bovsun law is outweighed by the important social policy of allowing recovery for emotional distress in situations such as the present one.
The third part of the Gurnee standard for retroactivity requires consideration of the extent of any unfairness which might result from retroactive application of Bovsun. The Gurnee court, in considering the equities of retroactive application of its decision, said that the unfairness to the injured plaintiff in being denied the right to sue for pain and suffering outweighed the potential financial burden on the defendant. (Gurnee v Aetna Life & Cas. Co., 55 NY2d 184, 193, supra.) Similarly, in this case I find that to deny plaintiffs the right to sue for damages for emotional distress would be more unfair than to impose potential liability on defendants who already owed plaintiffs a duty of care, and thus were in any case liable for the breach of that duty. To hold otherwise would be to deny plaintiffs the possibility of compensation for what may have been a very serious harm.
CONCLUSION
For all the foregoing reasons, the Bovsun decision should be given retroactive application. As defendants have failed to prove undue prejudice and plaintiff has demonstrated a likelihood of success on the merits, the motion to amend the complaint to assert a cause of action for emotional *891 distress arising from Ms. Megnauth’s presence in the “zone of danger” of the accident is granted.[5]
As the claim asserted in the amended pleading grows out of the same transaction, occurrence and series of transactions and occurrences as pleaded in the initial complaint, it is deemed to have been interposed at the time of the original pleading and is, therefore, timely. (CPLR 203, subd [e].)
The amended complaint is deemed served and defendants have 20 days from receipt of a copy of this order with notice of entry to interpose an answer.

. Defendants’ cross motion seeking sanctions against plaintiff for failure to comply with disclosure was withdrawn and the court will not consider it.

. The copy of the complaint annexed to plaintiff’s moving papers is undated. However, defendant admits in its answering affidavit that the complaint was timely served.

. CPLR 214 (subd 5) provides that an action to recover damages for personal injury must be commenced within three years of the date of the injury.

. “In disposing of* * * Tobin [v Grossman, 24 NY2d 609] * * * (w)e did note that the approach of permitting recovery ‘for the inseparable consequences of fear for’ a relative’s safety, as well as one’s own safety, where the plaintiff is in the zone of danger ‘has been said to be a rather arbitrary limiting rule’ * * * We have also elsewhere recognized, however, that arbitrary distinctions are an inevitable result of the drawing of lines which circumscribe legal duties * * * and that delineation of limits of liability in tort actions is usually determined on the basis of considerations of public policy” (Bovsun v Sanperi, 61 NY2d 219, 228).

. Defendant also opposes plaintiffs’ motion to amend on the additional ground that there is another case pending in Bronx County which arises from the same accident. In that case, Lillian and Basdeo Megnauth are 2 of 15 named plaintiffs, and Edwards and Kelcey is named as a third-party defendant. Defendant argues that, since plaintiff did not move to amend the complaint in that action to assert her claim against Edwards and Kelcey, she should be prevented from doing so now, rather than be allowed to commence multiple actions for the same relief. Also, Justice Mercorella denied a coplaintiff in The Bronx action leave to amend the complaint to add Edwards and Kelcey as a defendant on the ground that the coplaintiffhad “failed to offer any basis” for imposing such liability. Defendant contends that plaintiff is here attempting to achieve indirectly what her coplaintiff was denied in The Bronx.
This argument fails for a number of reasons. As discussed, supra, plaintiff is not seeking to assert a new claim against defendant, but only to add an element of damages. Thus, the question whether there is liability at all is not before this court. Plaintiff is not being permitted to circumvent either her own failure to act or another’s court decision. Finally, neither the doctrines of collateral estoppel nor law of the case precludes amendment.