OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Plaintiff Marta Tebbutt seeks to recover damages for her “pain, severe disappointment, anxiety, despondency, bitterness and suffering” attendant upon the stillbirth of her child.* Defendant allegedly caused the death of the fetus, unbeknownst to plaintiff, approximately one month earlier when he negligently performed an amniocentesis. Plaintiff alleges no physical injury distinct from that suffered by the fetus, nor, despite the suggestion in one of the dissenting opinions, has there been proof of these allegations.
The case before us is governed by Vaccaro v Squibb Corp. (52 NY2d 809), in which a mother sought recovery for emotional injuries caused by harm done to her child in útero of which she did not learn until the birth, which occurred some time after the harm was inflicted. There, we rejected the contention that the defendants owed any duty to the mother. Similarly, in the case before us, we must reject the mother’s claim for damages for emotional distress.
Nor do we accept plaintiffs’ contention that recovery is warranted because Marta Tebbutt was placed within the zone of danger by defendant’s actions. While recovery may be had by one suffering distress in consequence of the observation of the serious injury or death of a member of his or her immediate family from within the zone of danger, the observation must be contemporaneous with the conduct causing the injury or death, which plaintiffs at bar have not alleged (see, Bovsun v Sanperi, 61 NY2d 219, 233). Plaintiffs also failed to establish the existence of a duty running from defendant to plaintiff Marta Tebbutt pursuant to Johnson v State of New York (37 NY2d 378 [duty of hospital to transmit truthfully information concerning a *933 relative’s death or funeral]), which has been limited to its particular facts (Johnson v Jamaica Hosp., 62 NY2d 523, 530).
The dissenters’ reliance on Endresz v Friedberg (24 NY2d 478) and Woods v Lancet (303 NY 349) is misplaced. In Endresz, we held only that no action for wrongful death could be maintained by the personal representative of a stillborn fetus. We also noted that, if the defendants were negligent in causing the automobile accident out of which that action arose, the plaintiff mother could recover for physical and mental injuries she sustained, including emotional upset attending her stillbirths. However, the injuries the plaintiff mother sustained in that case were the direct result of defendants’ breach of a clearly recognized duty to drive with a reasonable degree of care. Citation to Woods v Lancet (supra) similarly begs the duty question, central to resolution of the present appeal. There, we held that an infant child, not his parents, could recover damages for injuries negligently inflicted while he was in útero. Our cases have consistently denied damages for emotional distress to parents of children so injured but born alive (e.g., Vaccaro v Squibb Corp., 52 NY2d 809, supra).

 Her husband asserts a derivative claim.