■ JOSEPH CASALE, JR., Appellant-Respondent, v UNIPUNCH, INC., Respondent-Appellant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: As pleaded by plaintiff, this is a "bystander recovery" case. Plaintiff seeks to recover for emotional distress and pecuniary damages, including medical and psychiatric bills and lost wages, caused by his having witnessed the electrocution of his friend and co-worker at a work site owned by defendant. Plaintiff appeals from that portion of an order which granted defendant's motion for summary judgment dismissing plaintiff's complaint for emotional distress. Defendant cross-appeals from so much of the same order as denied its motion for summary judgment dismissing plaintiff's complaint seeking pecuniary damages.

New York does not recognize a right to recover for emotional injury sustained as a result of defendant's breach of duty to a third person, including a family member *(see, Johnson v Jamaica Hosp.,* 62 NY2d 523; *Kennedy v McKesson Co.,* 58 NY2d 500; *Lafferty v Manhasset Med. Center Hosp.,* 54 NY2d 277; *Howard v Lecher,* 42 NY2d 109; *Tobin v Grossman,* 24 NY2d 609; *Aquilio v Nelson,* 78 AD2d 195). That has generally been the rule even if defendant simultaneously breached a duty owed directly to plaintiff, and even if the emotionally injured plaintiff was a "bystander" whose emotional injuries resulted from witnessing the third party's death or injury *(see, Kennedy v McKesson Co., supra; Lafferty v*

*Manhasset Med. Center Hosp., supra; Vaccaro v Squibb Corp.,* 52 NY2d 809; *Howard v Lecher, supra).* "The rule to be distilled * * * is that there is no duty to protect from emotional injury a bystander to whom there is otherwise owed no duty, and, even as to a participant to whom a duty is owed, such injury is compensable only when a direct, rather than a consequential, result of the breach" *(Kennedy v McKesson Co., supra,* at 506).

As pleaded, plaintiff's claim falls within the general rule precluding recovery for emotional injuries sustained as a result of witnessing the death of a third person through the fault of defendant. Plaintiff nevertheless attempts to bring himself within the exception to the general rule recognized in *Bovsun v Sanperi* (61 NY2d 219, 227). *Bovsun* states the "zone of danger" rule: "Where a defendant's conduct is negligent as creating an unreasonable risk of bodily harm to a plaintiff and such conduct is a substantial factor in bringing about injuries to the plaintiff in consequence of shock or fright resulting from his or her contemporaneous observation of serious physical injury or death inflicted by the defendant's conduct on a member of the plaintiff's immediate family in his or her presence, the plaintiff may recover damages for such injuries" *(Bovsun v Sanperi, supra,* at 223-224). We conclude that plaintiff cannot avail himself of the *Bovsun* rule because, although he has established that he was in the zone of danger, he is not claiming emotional injuries as a result of the death of an immediate family member. Thus, the court properly dismissed the claim for emotional distress.

Application of the foregoing principles compels the conclusion that the claim for pecuniary damages must also be dismissed. Plaintiff's complaint does not state "a cause of action in his own right predicated upon a breach of duty flowing from defendant to plaintiff" *(Kennedy v McKesson Co., supra,* at 504). Moreover, plaintiff does not seek to recover the pecuniary expenses he has borne as a result of breach of a duty owed directly to him. Plaintiff alleges that his damages result from defendant's breach of duty to his co-worker. His pecuniary damages are the financial consequence of his emotional trauma, which is the indirect result of the death of a third party. Thus, the pecuniary damages claim, like the emotional distress claim, must be dismissed. (Appeals from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Doerr, J. P., Denman, Green, Balio and Davis, JJ.