OPINION OF THE COURT
Richard D. Huttner, J.
In this action for intentional infliction of emotional distress, defendants Howard Stern and Infinity Broadcasting, Inc. move pursuant to CPLR 3211 (a) (7) and (1) for an order granting summary judgment in their favor dismissing the complaint.
The complaint is founded upon a radio and cable television broadcast in which defendant Howard Stern, the well-known radio talk show host, discussed and handled some of the cremated remains of the plaintiffs’ sister, Debbie Tay. Prior to her death from a drug overdose, at the age of 28, Ms. Tay had been a frequent guest on the Howard Stern show. At the time of her death in April 1995, Ms. Tay was described in the New York Daily News as a "topless dancer, cable access T.V host, perennial Howard Stern guest and former heroin addict” whose claim of having had sexual encounters with females from outer space earned her the nickname "Space Lesbian”.
It is undisputed that plaintiff Melissa Roach Driscol gave half the cremated remains of her sister, Debbie Tay, to defendant Chaunce Hayden who had been a close friend of Ms. Tay’s for approximately a year prior to her death.
On July 17,1995, Chaunce Hayden phoned the Howard Stern radio show and talked on the air with Mr. Stern about Debbie Tay’s death and cremation, at which time he was invited to appear the next day on the program together with his share of Ms. Tay’s remains. Prior to the July 18, 1995 broadcast in which defendant Chaunce Hayden was to appear, plaintiff Jeff Roach expressed his concerns about the upcoming program to radio station personnel. Nevertheless, Mr. Hayden appeared on the radio show the next day, July 18, 1995, with a box containing some of Ms. Tay’s remains. What followed was Howard Stern’s irreverent and rather tasteless "tribute” to Ms. Tay, which utilized excerpts of her appearances on Mr. Stern’s show. These excerpts included Ms. Tay’s description of her alleged sexual encounters with females from outer space, clips of her partially disrobing to expose her tattoos, and of Ms. Tay’s and plaintiffs’ mother who appeared on the show with Ms. Tay and responded to questions from Mr. Stern. On the July 18 *82 broadcast, Mr. Stern and members of his staff interviewed Mr. Hayden about his relationship with Ms. Tay. (Mr. Hayden had known Ms. Tay for approximately a year before she died and apparently cared deeply for her.) Mr. Hayden’s share of Ms. Tay’s remains were brought to the show in a decorative box, which Mr. Stern shook and rattled, and Mr. Stern did actually handle some of the bone fragments. At the conclusion of the show, following the credits, which were superimposed over film clips of Ms. Tay, was the caption: "This show is dedicated in loving memory of Debbie Tay, 1967-1995.”
The issues before the court are: (1) whether the complaint establishes a viable cause of action for intentional infliction of emotional distress; (2) whether the complaint states a cause of action for negligent infliction of emotional distress, encompassing the tort of mishandling the remains of a dead person.
With respect to the claim for intentional infliction of emotional distress, the Court of Appeals has held that in order to survive a motion to dismiss, the plaintiffs’ allegations must satisfy the rule set forth in Restatement (Second) of Torts § 46 (1), quoted in Murphy v American Home Prods. Corp. (58 NY2d 293, 303): " 'One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for emotional distress’ ”. To establish liability, the conduct must have been " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community’ ”. (Supra; Restatement [Second] of Torts § 46 [1], comment d.) Since the tort of intentional infliction of emotional distress is unlike other torts in that "the actor may not have notice of the precise conduct proscribed”, the standard of liability is strict, and, because the standard of liability is so strict, "of the intentional infliction of emotional distress claims considered by [the Court of Appeals], every one has failed because the alleged conduct was not sufficiently outrageous [citations omitted].” (Howell v New York Post Co., 81 NY2d 115, 122.)
In the case at bar, while the program which is the predicate of the complaint was certainly vulgar and disrespectful, the acts complained of cannot be characterized as being beyond all bounds of decency, atrocious and utterly intolerable in a civilized society.
Plaintiffs also seek recovery for negligent infliction of emotional distress. Apart from the "zone of danger” cases (see, Bovsun v Sanperi, 61 NY2d 219), which are not applicable here, *83 there are very few instances in which New York courts have accorded recovery for negligent infliction of emotional distress. However, recovery for emotional harm to a close relative resulting from negligent mishandling of a corpse is recognized in Johnson v State of New York (37 NY2d 378, 382). As the Court there observed, recovery in such cases is based on interference with the relative’s quasi-property right in the body, which is a legal fiction constructed to protect the personal feelings of the next-of-kin. (Johnson v State of New York, supra, 37 NY2d, at 382.) In the case at bar, there was no interference with Ms. Tay’s corpse. Indeed, she was cremated, presumably, in accordance with the wishes of her next-of-kin, who are the plaintiffs herein. Thereafter, plaintiff Melissa Roach Driscol voluntarily gave half of the cremated remains to defendant Chaunce Hayden. At that point, since a gift was made of Ms. Tay’s remains, whatever property interest she had in her sister’s remains was forfeited. Mr. Hayden, as donee, was then free to do as he saw fit with his share of the remains. That he chose Howard Stern’s program as a forum to memorialize Ms. Tay does not give rise to a cognizable cause of action for negligent mishandling of a corpse.
In view of the foregoing, the motion to dismiss is granted.