■ SUSAN E. CUSHING, Individually and as Administratrix of the Estate of PATRICK T. CUSHING, Deceased, et al., Respondents, v DOUGLAS R. SEEMANN et al., Appellants. [668 NYS2d 791] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs allege negligence and recklessness on the part of defendants, the driver and owner of a truck that struck plaintiffs' automobile, and seek compensatory and punitive damages for the conscious pain and suffering and wrongful death of Patrick T. Cushing, plaintiffs' seven-year-old son, for physical and emotional injuries to plaintiff Susan E. Cushing, and for loss of consortium by plaintiff Charles Cushing. Defendants appeal from an order that denied their motion for partial summary judgment dismissing the second through fifth causes of action, as well as the demands for punitive damages.

There is a triable issue of fact with respect to whether Patrick had conscious pain and suffering (*see, Massey v New York City Hous. Auth.*, 230 AD2d 601, 602; *Singer v Friedman*, 220 AD2d 574, 577). The affirmation of the pathologist who performed the autopsy establishes "to a high degree of medical certainty that Patrick Cushing did not die instantly and was conscious and suffered pain for a short period of time following the accident."

There are also issues of fact concerning whether the physical injuries of Susan Cushing, particularly her scalp laceration and scar, constitute a significant disfigurement (*see*, Insurance Law § 5102 [d]; *see also, Spoth v Clark*, 148 AD2d 953; *Lewis v General Elec. Co.*, 145 AD2d 728, 729; *Rulison v Zanella*, 119 AD2d 957, 958). "The standard by which significant disfigurement is to be determined within the meaning of that statute is whether a reasonable person would view the condition as unattractive, objectionable, or as the subject of pity or scorn" (*Zulawski v Zulawski*, 170 AD2d 979). The affidavit of Susan's treating physician demonstrated that Susan "has a permanent and visible 7-inch scar on her head as a result of the scalp laceration."

Similarly, there are triable issues of fact concerning whether Susan's emotional injuries in the aftermath of the accident constituted a "significant limitation of use of a body function or system" or prevented Susan from "performing substantially all of the material acts which constitute [her] usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following" the accident (Insurance Law § 5102 [d]; *see, Sole v Kurnik*, 119 AD2d 974, *lv dismissed* 68 NY2d 806; *see also, Thomas v Drake*, 145 AD2d 687, 688-689). In opposition to the motion, plaintiffs submitted medical records, as well as the affidavits of Susan's treating psychiatrist and psychologist, all documenting Susan's impairment as a result of severe psychological trauma. Further, plaintiffs presented employment records showing that, upon resuming work, Susan was unable to function in her job.

In addition, there is a triable issue of fact concerning whether Susan has a viable "zone of danger" claim for emotional injuries "suffered in consequence of the observation of the serious injury or death" of her son (*Bovsun v Sanperi*, 61 NY2d 219, 230; *see, Trombetta v Conkling*, 82 NY2d 549). There is no merit to defendants' contention that, as a matter of law, Susan may not recover because she did not observe the impact upon her son. The observation requirement is satisfied if the "peril or harm to such [family member] occurs in the plaintiff's presence" (*Bovsun v Sanperi, supra*, at 230, n 8, and accompanying text), so long as there is a contemporaneous awareness of injury or death (*see, Bovsun v Sanperi, supra*, at 224-225, 233). The psychiatric and psychological records of Susan do not exclude her apprehension of her son's death as a cause of her emotional trauma. In any event, plaintiffs raised a triable issue of fact concerning the origins of Susan's emotional injuries. Susan's psychiatrist averred that Susan was traumatized as a result of

experiencing the accident and witnessing the injury and death of her son. There is no basis for defendants' attempt to distinguish between those emotional injuries suffered by Susan as a result of her own involvement in the accident and those suffered in consequence of observing her son's injury and death; both elements of damage are recoverable (*see generally, Bovsun v Sanperi, supra,* at 231, n 10).

Because defendants are not entitled to summary judgment dismissing the claims of Susan, they are not entitled to summary judgment dismissing the claim of Charles for loss of consortium (*cf., Millington v Southeastern El. Co.,* 22 NY2d 498, 508; *Daniels v Zelco, Inc.,* 159 AD2d 538, 540).

We modify the order, however, to dismiss plaintiffs' demands for punitive damages. In our view, defendants' conduct rises only to the level of negligence, not gross negligence or recklessness. There was no allegation of speeding, drunk driving or any other conduct or circumstance that would support a finding of gross negligence or recklessness (*see, Kaplan v Sparks* [appeal No. 1], 221 AD2d 974; *Taylor v Dyer,* 190 AD2d 902, 903-904; *Sweeney v McCormick,* 159 AD2d 832, 834). Further, there is no evidence that defendants acted with a conscious or wanton disregard of the rights of others (*see, Home Ins. Co. v American Home Prods. Corp.,* 75 NY2d 196, 203-204). (Appeal from Order of Supreme Court, Cayuga County, Contiguglia, J.—Summary Judgment.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.