■ JULIA PIZARRO, Plaintiff, and MARICELA CASTRO, Respondent, v 421 PORT ASSOCIATES et al., Defendants, and MILLAR ELEVATOR INDUSTRIES, INC., Appellant. [739 NYS2d 152] —Order, Supreme Court, Bronx County (John Barone, J.), entered on or about February 22, 2001, which denied so much of defendant Millar Elevator Industries' motion for summary judgment dismissing the complaint as it pertains to plaintiff Castro, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

Plaintiffs Julia Pizarro and Maricela Castro witnessed an elevator malfunction that resulted in the decapitation of nonparty James Chenault, who was not previously known to either plaintiff. Supreme Court dismissed the complaint as it pertained to plaintiff Pizarro on the ground that she was not in the elevator at the time of the incident. However, the court declined to dismiss the claim of plaintiff Castro, reasoning that, as one of the five passengers in the faulty elevator, she was within the zone of danger.

At her deposition, Ms. Castro testified that, after she boarded the elevator on the main floor, it began descending while a woman was still getting on. The elevator then reversed direction and, as it moved upwards with the doors still open, she saw that the man subsequently identified as James Chenault was standing in the door frame. As the top of the elevator hit the top of his head, plaintiff turned away. When she heard a woman scream, she looked down and saw Mr. Chenault's head next to her feet. After a rapid ascent, the elevator subsequently descended very quickly, slowing down only when it reached the third floor and eventually stopping on the first floor. Although physically unharmed, plaintiff Castro was treated for shock. The complaint alleges that she continues to suffer psychological symptoms as a result of her experience.

The horrific nature of this accident is self-evident. However, as defendant contended on the motion, the complaint should have been dismissed because plaintiff Castro was not closely related to the decedent (*Bovsun v Sanperi*, 61 NY2d 219).

A plaintiff may state a cause of action for mental trauma sustained as the result of negligence, even without physical impact (*Battalla v State of New York*, 10 NY2d 237, 242; *see also, Tobin v Grossman*, 24 NY2d 609, 613). However, where the recovery sought by an uninjured third party is predicated on witnessing injury sustained by another person, three criteria must be established: first, the defendant's conduct must be a substantial factor in causing serious injury or death to the third party; second, the plaintiff must be within the zone of danger; and, third, the injured person must be an immediate family member of the plaintiff (*Bovsun v Sanperi*, supra at 230-231; *see also, Trombetta v Conkling*, 82 NY2d 549 [niece not a member of the victim's immediate family]). Concur—Nardelli, J.P., Tom, Sullivan, Ellerin and Rubin, JJ.