Read, J. (dissenting).
In 1985, we were asked whether a woman may recover damages for emotional distress where medical malpractice causes her to suffer a stillbirth. We concluded in Tebbutt v Virostek (65 NY2d 931 [1985]) that no recovery could be had in the absence of an independent physical injury, thus clearly and reasonably circumscribing a medical caregiver’s duty to a pregnant patient. Appellants now invite us to reconsider and revise our holding in Tebbutt. Unlike the majority, I would decline the invitation.
True, the new rule articulated by the majority expands existing law sparingly. The new rule does not alter the legal rights or status of a fetus; it does not create any new duties on the part of a physician. Nonetheless, the majority’s justification for redefining the duty of care owed to a pregnant woman by her medical caregivers is insufficient for me to vote to overrule a 20-year-old precedent.
Stare decisis teaches that “common-law decisions should stand as precedents for guidance in cases arising in the future” for substantial reasons of stability and legitimacy (People v Damiano, 87 NY2d 477, 488 [1996] [Simons, J., concurring]). As Judge Simons also observed, however, stare decisis is not “inflexible,” and our holdings are “always open to reexamination if there is some evidence that the policy concerns underlying them are outdated or if they have proved unworkable” (id. at 489). Here, there is no suggestion that the Tebbutt rule is unworkable. To the contrary, Tebbutt established a bright-line rule, which is easily applied. The majority considers Tebbutt outdated, however, because a “narrow, but indisputably ag *157 grieved, class of plaintiffs” (majority op at 154) is denied recovery, creating a gap in the law. But this same gap was manifest in 1985 when we decided to limit a physician’s exposure to damages for emotional distress to those cases in which the woman sustains a physical injury distinct from that suffered by the fetus. Nor does the majority’s new rule do away with all seeming gaps. As we acknowledged in Bovsun v Sanperi (61 NY2d 219, 228 [1984]), “arbitrary distinctions are an inevitable result of the drawing of lines which circumscribe legal duties.”
Today’s ruling exposes medical caregivers to additional liability for the treatment they provide to pregnant women. Juries will be asked to quantify the emotional distress that a woman feels upon suffering a miscarriage or stillbirth. Importantly, there is no way for us to predict or assess the potential effect of this expansion of liability, however modest it may appear, on the .cost and availability of gynecological and obstetrical services in New York State.
No one disputes the heartache experienced by a woman who miscarries or delivers a stillborn fetus. Nonetheless, Tebbutt established a rational and workable rule to limit the scope of duty in obstetrical malpractice. I see insufficient reason to overrule Tebbutt and create a different rule. Accordingly, I would affirm the orders of the Appellate Division.
Chief Judge Kaye and Judges G.B. Smith, Ciparick, Graffeo and R.S. Smith concur with Judge Rosenblatt; Judge Read dissents and votes to affirm in a separate opinion.
In Broadnax v Gonzalez: Order reversed, with costs, and case remitted to Supreme Court, Westchester County, for further proceedings in accordance with the opinion herein.
In Fahey v Canino: Order reversed, with costs, and the motion of defendants Canino and Ruggiero for summary judgment denied.