■ Nick Santana, Respondent, et al., Plaintiff, v Dinora Salmeron, Appellant. [913 NYS2d 584]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), entered December 5, 2009, which denied her motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Nick Santana.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Nick Santana is granted.

In response to the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Nick Santana, Santana conceded that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Therefore, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the first cause of action insofar as asserted by Santana.

Moreover, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the third cause of action alleging that Santana sustained injuries as a result of being in the "zone of danger when his immediate family member" sustained serious injuries. The plaintiff Sonnett Shirley, Santana's girlfriend, was not an immediate family member (see Bovsun v Sanperi, 61 NY2d 219 [1984]; see also Jun Chi Guan v Tuscan Dairy Farms, 24 AD3d 725 [2005]).

Therefore, the Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint insofar as asserted by Santana. Dillon, J.P., Balkin, Chambers and Sgroi, JJ., concur.