■ JAMES ARROYO, Individually and as Administrator of the Estate of JESSICA A. ARROYO, Deceased, and as Father and Natural Guardian of JAMES ARROYO, JR., an Infant, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent.—Order, Supreme Court, New York County (Michael J. Dontzin, J.), entered January 12, 1989, which, *inter alia,* granted defendant's motion to dismiss the third and fourth causes of action pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, unanimously affirmed, without costs.

Siblings, 2 and 3 years old, were admitted to Bellevue Hospital for treatment of lead poisoning. They were placed in adjacent beds and intravenously administered calcium EDTA solution. The younger female sibling went into cardiac arrest and died, allegedly due to a failure to properly control the rate of flow of the solution by use of an infusion pump, thereby causing a sharp drop in blood pressure. It is alleged that the older male sibling observed his sister's physical distress and contemporaneously feared for his own safety. The third cause of action seeks recovery for the surviving older sibling's psychic injuries caused by this experience, while the fourth cause of action is a derivative one by the parent for loss of the surviving sibling's services.

We agree that under the restrictive approach enunciated by the Court of Appeals, the claims do not state causes of action. In order to recover for psychic injury, such a plaintiff must contemporaneously witness the injury or death of an immediate family member and fear for his own safety as a result of being within the zone of danger created by defendant's negligence, which creates a threat of bodily harm to both the victim of the physical injury and the eyewitness *(Bovsun v Sanperi,* 61 NY2d 219). This test has been stringently applied

to the area of medical malpractice *(Johnson v Jamaica Hosp.,* 62 NY2d 523; *Landon v New York Hosp.,* 65 NY2d 639; *Tebbutt v Virostek,* 65 NY2d 931; *Farago v Shulman,* 65 NY2d 763). Where the siblings were treated with discrete intravenous systems, we are unable to accept plaintiff's attempt to characterize the threat of bodily injury to the older sibling and the breach of defendant's duty of care as to him as identical to that posed to and suffered by the younger sibling. Concur—Murphy, P. J., Ross, Rosenberger, Kassal and Wallach, JJ.