OPINION OF THE COURT
Anthony F. Shaheen, J.
Defendants have brought this motion to dismiss plaintiff’s complaint in which she seeks damages for severe emotional shock and trauma which she suffered as the result of being in close proximity to an accident on November 10, 1989 in which her aunt was hit and killed.
*845 The facts herein are not in issue, and reveal that at the time of this accident, the 37-year-old plaintiff was crossing Wurz Avenue in Utica with her 59-year-old aunt Phyllis Fisher when she saw defendants’ tractor trailer coming towards them and realized it was not going to stop. Plaintiff yelled and grabbed her aunt’s hand, trying to pull her out of the path of the tractor trailer; however, plaintiff’s aunt was hit and killed instantly, causing plaintiff severe shock and trauma. Plaintiff was not hit by any part of the tractor. At the time of the accident, plaintiff did not live with her aunt; however, she lived right next door, and they were in daily contact with each other. They ate breakfast together, spoke by phone 2 to 3 times each day, shopped together, and enjoyed activities together every evening. Plaintiff’s mother died when plaintiff was 11 years old and her aunt Phyllis Fisher became like a mother to her. Plaintiff has always lived near or next door to her aunt Phyllis Fisher, and they even lived in the same house for a while. Plaintiff testified at her deposition that she did not think of her aunt Phyllis Fisher as an aunt, but rather she thought of her as her mother.
Plaintiff alleges that witnessing her aunt’s death in this manner has caused her to suffer severe depression and other emotional and psychological damages. She has not been able to forget the circumstances of her aunt’s death, and cannot even mention her aunt’s name or look at her photograph. Plaintiff now suffers from numerous phobias; she is not able to cross a road, she constantly fears she will die of a heart attack or will cause the death of other family members, she thinks about experiencing the pain her aunt experienced, she thinks about walking out in front of a truck, and has suicidal thoughts. She has treated with psychologist Dr. Norman J. Lesswing at Benjamin Rush Center, and has been evaluated by psychiatrists Richard M. Zoppa, M.D. and Daniel N. Uwah, M.D.
Defendants now seek summary judgment dismissing this complaint alleging that since plaintiff’s aunt Phyllis Fisher was not a member of her "immediate family”, she cannot recover under the "zone of danger” theory. Plaintiff opposes summary judgment, asserting that her aunt Phyllis Fisher should be considered "immediate family”, because she raised plaintiff after her own mother’s death, and they have always lived together or near each other, engaging in daily activities together.
*846 The leading New York case on the so-called "zone of danger” theory of recovery is Bovsun v Sanperi (61 NY2d 219), wherein the Court of Appeals held that it was not creating a new cause of action, but rather, it was recognizing the right to recover, as an element of damages, for emotional distress suffered in consequence of observing the serious injury or death of a member of one’s immediate family. In Bovsun, the Court had before it two cases, both of which involved plaintiffs who were married or related in the first degree of consanguinity (i.e., husband, wife and children) to the seriously injured or deceased person, and who were themselves unreasonably threatened with bodily harm. Although the facts in Bovsun did not require the Court of Appeals to define what it meant by the term "immediate family member”, the Court nevertheless took the opportunity to state in a footnote: "Inasmuch as all plaintiffs in these cases were married or related in the first degree of consanguinity to the injured or deceased person, we need not now decide where lie the outer limits of 'the immediate family’ ” (Bovsun v Sanperi, supra, at 233, n 13). This court reads from that footnote the inference that the Court of Appeals has not foreclosed the possibility that aunts, uncles or other family members may, in a proper case, be considered "immediate family” for purposes of claiming damages under the "zone of danger” theory.
This court has found no case in New York State which specifically defines the term "immediate family”. However, the treatises provide some guidance as to how other States have handled this issue, and what may be considered a reasonable definition of that term. The objective of limiting recovery to immediate family members is to contain the number of bystander claims, which could impose upon wrongdoers unlimited liability to stranger-bystanders (see, 1 Minzer, Nates, Kimball, Axelrod and Goldstein, Damages in Tort Actions § 5.24 [2] [d]). Several courts which have adopted a broadened rule of bystander recovery have concluded that the relationship to the victim is the most important element of the criteria designed to circumscribe liability (see, ibid,.). The question then is whether the "close relationship” criteria should encompass relationships other than those based on marriage or consanguinity. In a Hawaii Supreme Court case, it was held that a child who saw his stepgrandmother being struck and killed by the defendant’s car should be permitted to prove the nature of his relationship to the victim and the extent of damages suffered as a result of those injuries (Leong *847 v Takasaki, 55 Haw 398, 520 P2d 758; see, Minzer, op. cit.). The touchstone of that case was one of proving a special relationship which, because of the cultures involved, could satisfy the concern that the defendants not be subjected to liability for unexpected plaintiffs (ibid.). Although a 1985 Nebraska court required a significant relationship between bystander and victim, it refused to require that the relationship be within a certain degree of consanguinity (James v Lieb, 221 Neb 47, 375 NW2d 109; see, Minzer, op. cit.). "Rather, we will require that there be a marital or intimate familial relationship between the plaintiff and the victim * * * Our holding would not eliminate aunts, uncles and grandparents from the class of potential plaintiffs, but would place upon them a heavier burden of proving a significant attachment” (James v Lieb, 221 Neb, at 55-56, 375 NW2d, at 115; see, Minzer, op. cit.).
The case before this court presents a question of first impression; namely, whether a niece would fit within the class of potential plaintiffs entitled to assert a "zone of danger” claim in New York. On the particular facts above, which reveal a significant attachment between the plaintiff and the deceased more in the nature of a mother/child relationship rather than an aunt/niece relationship, the plaintiff should be considered "immediate family” to her aunt, and therefore permitted to maintain an action for emotional damages under the New York State "zone of danger” theory. Defendants’ motion is therefore denied, without costs to either party, and plaintiff’s case may proceed to trial on her cause of action for severe emotional shock and trauma as stated in her complaint.