OPINION OF THE COURT
 

 Bellacosa, J.
 

 Plaintiff-appellant’s case poses a significant tort duty question for this Court. We must now decide whether plaintiff, the niece of a woman who was killed in an accident in plaintiff’s presence and with whom plaintiff shared a long and strong emotional bond, may qualify to bring suit as a bystander for the negligent infliction of emotional injuries under the
 
 Bovsun v Sanperi
 
 (61 NY2d 219) "zone of danger” rule. If we were to conclude, as Supreme Court did, that plaintiff can be deemed a member of the victim’s "immediate family”, her cause of action lies. We agree with the Appellate Division’s reversal of Supreme Court and the dismissal of the complaint and, accordingly, we affirm the Appellate Division order.
 

 
 *551
 
 L
 

 On November 10, 1989, plaintiff Darlene Trombetta and her aunt, Phyllis Fisher, were crossing Wurz Avenue in Utica, New York. Plaintiff noticed a tractor-trailer bearing down on them. Realizing that the truck was not going to stop, plaintiff grabbed her aunt’s hand in an attempt to pull her out of the truck’s path. The effort failed. Plaintiff, who was not physically touched or injured, watched as the wheels of the truck ran over her aunt, killing her instantly.
 

 Plaintiff commenced this action against defendants Fred J. Conkling and Universal Waste, Inc., the driver and the owner of the vehicle, respectively, asserting only a claim for negligent infliction of emotional distress. At an examination before trial, plaintiff testified that she and her aunt shared a close relationship. Allegedly, plaintiff’s mother had died when plaintiff was 11, and her aunt became the maternal figure in her life. They always lived close by and enjoyed many activities together on a daily basis. At the time of the accident, plaintiff was 37 and her aunt was 59.
 

 After discovery, defendants moved to dismiss the complaint and for summary judgment. Noting that
 
 Bovsun v Sanperi
 
 explicitly left open the issue of "where lie the outer limits of 'the immediate family’ ” (61 NY2d 219, 233, n 13,
 
 supra),
 
 Supreme Court denied defendants’ motion and held that the intimate familial relationship in this case was sufficient to state a cause of action (154 Misc 2d 844).
 

 The Appellate Division reversed and dismissed the complaint, confining the class of potential plaintiffs who may assert a claim of negligent infliction of emotional distress to the "immediate family” (187 AD2d 213). The Court declined to impose liability on defendants upon a showing that a "strong bond” existed between plaintiff and the deceased, citing the "difficult proof problems and the danger of fictitious claims”
 
 (id.,
 
 at 215). This Court granted plaintiff leave to appeal (81 NY2d 711). Because we share the Appellate Division’s concerns, we now affirm and answer explicitly the question the Court left open in
 
 Bovsun.
 
 Recovery of damages by bystanders for the negligent infliction of emotional distress should be limited only to the immediate family
 
 (Bovsun v Sanperi,
 
 61 NY2d 219, 233, n 13,
 
 supra).
 

 IL
 

 Historically, New York hesitated for a long time before
 
 *552
 
 recognizing a very circumscribed right of recovery for bystanders based on the negligent infliction of emotional distress. In
 
 Tobin v Grossman
 
 (24 NY2d 609), a mother sought recovery for emotional trauma caused by her witnessing from afar an automobile negligently operated by the defendant striking her two-year-old child. We determined that the mother did not state a cause of action and refused to adopt the California "foreseeability” standard in this area
 
 (see, Dillon v Legg,
 
 68 Cal 2d 728, 441 P2d 912). The Court stated that, absent the establishment of arbitrary distinctions, there was no "reasonable circumscription, within tolerable limits required by public policy, of [such] a rule creating liability”
 
 (id.,
 
 at 617;
 
 see also, Lafferty v Manhasset Med. Ctr. Hosp.,
 
 54 NY2d 277). Thereafter, we also denied entitlement to recovery for emotional damages when a defendant’s negligent act simultaneously breached a duty owed to the plaintiff bystander
 
 (see, Vaccaro v Squibb Corp.,
 
 52 NY2d 809;
 
 Howard v Lecher,
 
 42 NY2d 109), although the plaintiff could recover pecuniary losses resulting from the defendant’s conduct
 
 (see, Kennedy v McKesson Co.,
 
 58 NY2d 500;
 
 Becker v Schwartz,
 
 46 NY2d 401).
 

 In
 
 Bovsun v Sanperi
 
 (61 NY2d 219,
 
 supra),
 
 our closely divided Court opened a narrow avenue to bystander recovery, adopting a "zone of danger” theory.
 
 Bovsun
 
 marked a significant deviation from the long-standing absolute bar on bystander claims. We reasoned that because the defendant had breached a duty owed to the plaintiff by exposing the plaintiff to an unreasonable and negligent risk of bodily injury or death, a plaintiff should be able to recover all damages sustained as a result of a defendant’s breach, including mental and physical injuries resulting from witnessing death or serious bodily injury to a member of the immediate family
 
 (id.,
 
 at 229-231). Under the fact pattern and
 
 ratio decidendi
 
 of that case, only the immediate family members of the victims were entitled to claim damages for emotional trauma. The Court saw no necessity to define the boundaries of "the immediate family”, expressing its forbearance in a footnote
 
 (id.,
 
 at 233, n 13).
 

 Supreme Court in this case inferred from the forbearance that since this Court had not confined the immediate family definition, the nisi prius court was not foreclosed from extending the zone of danger rule to aunts, uncles and other persons sharing a strong emotional bond with the victim — "immediate family” members. We agree with the Appellate Division that Supreme Court’s step beyond the footnote concerning the
 
 *553
 
 breadth of the rule is not warranted. Although plaintiff suffered a personal tragic loss, that cannot justify the significant extension of defendants’ obligation to be answerable in damages for her emotional trauma. On firm public policy grounds, we are persuaded that we should not expand the cause of action for emotional injuries to all bystanders who may be able to demonstrate a blood relationship coupled with significant emotional attachment or the equivalent of an intimate, immediate familial bond.
 

 Despite
 
 Bovsun v Sanperi
 
 (61 NY2d 219,
 
 supra),
 
 we have been precise and prudent in resolving tort duties, because the significant expansion of a duty "must be exercised with extreme care, for legal duty imposes legal liability”
 
 (Pulka v Edelman,
 
 40 NY2d 781, 786,
 
 rearg denied
 
 41 NY2d 901). It remains part of this Court’s important common-law tradition and responsibility to define the orbits of duty. Sound policy and strong precedents justify our confinement and circumscription of the zone of danger rule to only the immediate family as surveyed in
 
 Bovsun (see, Strauss v Belle Realty Co.,
 
 65 NY2d 399, 402-403;
 
 De Angelis v Lutheran Med. Ctr.,
 
 58 NY2d 1053, 1055). Otherwise, the narrow avenue will ironically become a broad concourse, impeding reasonable or practicable limitations.
 

 In
 
 Dillon v Legg
 
 (68 Cal 2d 728, 441 P2d 912,
 
 supra),
 
 the California Supreme Court suggested guidelines for determining the degree to which a defendant owes a duty to a plaintiff bystander
 
 (see, id.,
 
 68 Cal 2d, at 740-741, 441 P2d, at 920-921; Prosser and Keeton, Torts § 54, at 366 [5th ed];
 
 but see, Elden v Sheldon,
 
 46 Cal 3d 267, 758 P2d 582). The reviewing court would determine whether a particular plaintiff bystander’s emotional injury was foreseeable on a case-by-case basis, after balancing certain factors
 
 (Dillon v Legg,
 
 68 Cal 2d, at 740-741, 441 P2d, at 920-921,
 
 supra).
 
 We have twice declined to adopt the
 
 Dillon
 
 approach because we were troubled by the potential sweeping liability and the unwarranted complication imposed on the judicial role, which the adoption of indefinite and open-ended analysis would entail
 
 (see, Bovsun v Sanperi,
 
 61 NY2d 219, 230,
 
 supra; Tobin v Grossman,
 
 24 NY2d 609, 618,
 
 supra).
 

 As a policy matter, we continue to balance the competing interests at stake by limiting the availability of recovery for the negligent infliction of emotional distress to a strictly and objectively defined class of bystanders. In addition to the
 
 *554
 
 prevention of an unmanageable proliferation of such claims— with their own proof problems and potentiality for inappropriate claims — the restriction of this cause of action to a discrete readily determinable class also takes cognizance of the complex responsibility that would be imposed on the courts in this area to assess an enormous range and array of emotional ties of, at times, an attenuated or easily embroidered nature. We have said before and it has special application here:
 

 "Beyond practical difficulties there is a limit to attaining essential justice in this area. While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree”
 
 (Tobin v Grossman,
 
 24 NY2d 609, 619,
 
 supra).
 

 Thus, while plaintiff was, without doubt, within the zone of danger when defendants’ truck killed her aunt, the claim for the negligent suffering of emotional distress was properly dismissed because plaintiff is not within the deceased’s "immediate family” as defined and limited by
 
 Bovsun.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Smith and Levine concur.
 

 Order affirmed, with costs.