**.NORMAN COHLER, BARBARA COHLER, MICHAEL COHLER, ABBY COHLER, MAX COHLER, DAVID ANAPOLLE, SHERRI ANAPOLLE, GEOFFRY ANAPOLLE, JACOB ANAPOLLE, JARED ANAPOLLE, JERRY STEINER, BONNIE STEINER, MARTIN ZACHARY STEINER, SAMANTHA EMILY STEINER, MARCI ARKIN, and ALEX ARKIN, Plaintiffs**

**v.**

**UNITED STATES OF AMERICA, through the NATIONAL PARK SERVICES, ROSEWOOD HOTELS AND RESORTS, INC., CBI ACQUISITIONS, L.L.C., d/b/a CANEEL BAY, INC, and PLANTATION BAY, INC. as successor of CANEEL BAY, INC., Defendants**

Civil No. 2005-29.

District Court of the Virgin Islands

Division of St. Thomas and St. John

November 13, 2006

K. GLENDA CAMERON, ESQ., St. Croix, U.S.V.I., *For the plaintiffs*.

JOYCELYN HEWLETT, A.U.S.A., St. Thomas, U.S.V.I., *For United States of America, defendant*.

GREGORY H. HODGES, ESQ., St. Thomas, U.S.V.I., *For Rosewood Hotels and Resorts, Inc., CBI Acquisitions, Inc., and Plantation Bay, Inc., defendants*.

GOMEZ, *Chief Judge*

## MEMORANDUM OPINION

(November 13, 2006)

In this action, plaintiffs Norman Cohler ("Cohler"), Barbara Cohler, Michael Cohler, Bonnie Steiner, Marci Arkin, Abby Cohler, David Anapolle, Sherri Anapolle, Jerry Steiner, Max Cohler, Jacob Anapolle, Geoffrey Anapolle, Jared Anapolle, Alex Arkin, Martin Zachary Steiner, and Samantha Emily Steiner, have sued defendants United States of America, through the National Park Services ("NPS"), Rosewood Hotels and Resorts, Inc., CBI Acquisitions, LLC, Caneel Bay Inc., and Plantation Bay Inc. for damages. The NPS has moved to dismiss the action as to Abby Cohler, David Anapolle, Jerry Steiner, Max Cohler, Jacob Anapolle, Geoffrey Anapolle, Jared Anapolle, and Alex Arkin. The NPS has also moved to dismiss the action as to Martin Zachary Steiner, and Samantha Emily Steiner.

## I. FACTS

On November 23, 2005, Norman Cohler and several members of his family visited Trunk Bay on St. John, U.S. Virgin Islands. While Norman Cohler was in the water, he was struck by a wave. The plaintiffs then discovered that Norman Cohler was partially paralyzed after he was hit by the wave. Thereafter, Cohler and fifteen of his relatives initiated this action for damages.

The Fifth Amended Complaint (the "Complaint") alleges that the NPS owed the plaintiffs an affirmative duty to exercise reasonable care to protect them from dangerous conditions at Trunk Bay that posed an unreasonable risk of harm. It further alleges that the defendants failed to warn the plaintiffs of the dangerous conditions and failed to properly supervise and maintain the beach and swimming areas. Cohler seeks damages stemming from his injuries, and Cohler's relatives claim that they suffered severe emotional distress that caused physical injuries as a result of witnessing his accident.

Plaintiffs Abby Cohler, David Anapolle, and Jerry Steiner are legally related to Norman Cohler, (the "In Laws"). Plaintiffs Max Cohler, Jacob Anapolle, Geoffrey Anapolle, Jared Anapolle, Alex Arkin, Martin

577

Zachary Steiner, and Samantha Emily Steiner, are the grandchildren of Norman Cohler (the "Grandchildren").

The NPS moves to dismiss the Complaint as to the In Laws and the Grandchildren (collectively, the "Responding Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

## II. DISCUSSION

In considering a Rule 12(b)(6) motion, all material allegations in the complaint are construed in the light most favorable to the non-moving party. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). The complaint should not be dismissed unless the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 810, 113 S. Ct. 2891, 125 L. Ed. 2d 612 (1993) (citing *Conley v. Gibson*, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

## III. ANALYSIS

### A. Negligent Infliction of Emotional Distress

In order to state a claim for negligent infliction of emotional distress based on witnessing an injury to a third person, a plaintiff must allege that:

1.    The defendant's negligence placed the plaintiff in danger for his own safety—in other words, the plaintiff was in the "zone of danger" when the accident occurred;

2.    The plaintiff suffered bodily harm as a result of emotional disturbance; and

3.    The plaintiff is a member of the injured third party's immediate family.

*See* RESTATEMENT (SECOND) OF TORTS §§ 436(2)-(3), 436A (1965);[1] *see also Mingolla v. Minn. Mining and Mfg. Co.*, 893 F. Supp. 499, 506 (D.V.I. 1995) (explicitly listing the first two elements in a case where the plaintiffs were the wife and children of the injured person); *Chen v. Ashcroft*, 381 F.3d 221, 229 n.8 (3d Cir. 2003) (noting by analogy in a Board of Immigration Appeals case, "[a]s explained in Restatement (Second) of Torts [section] 436, recovery under this tort may be available when members of the *immediate family* of a victim witness the infliction of harm.") (emphasis in original).

## 1. The Zone of Danger Requirement

The Complaint in this case alleges that Abby Cohler, David Anapolle, Jerry Steiner, Max Cohler, Jacob Anapolle, Geoffrey Anapolle, Jared Anapolle, and Alex Arkin were "in the zone of danger and witnessed Norman Cohler [get] knocked into the water by waves." Compl. at 4-5. However, the Complaint does not allege that Martin Zachary Steiner or Samantha Emily Steiner (the "Steiner Children") were in the zone of danger, nor does it allege facts that indicate they faced an immediate risk of physical harm due to the conduct of the NPS. Therefore, the first element required to state a claim for negligent infliction of emotional distress has been sufficiently pled as to all of the Responding Plaintiffs, except the Steiner Children.

---

[1]    Section 436 provides, in relevant part:

(2)  If the actor's conduct is negligent as creating an unreasonable risk of causing bodily harm to another otherwise than by subjecting him to fright, shock, or other similar and immediate emotional disturbance, the fact that such harm results solely from the internal operation of fright or other emotional disturbance does not protect the actor from liability.

(3)  The rule stated in Subsection (2) applies where the bodily harm to the other results from his shock or fright at harm or peril to a member of his *immediate family* occurring in his presence.

RESTATEMENT (SECOND) OF TORTS § 436(2)-(3) (1965) (emphasis added).
     Section 436A provides:

If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance.

RESTATEMENT (SECOND) OF TORTS § 436A (1965).

■ The Responding Plaintiffs argue that subsection (1) of section 436,[2] which does not include a "zone of danger" requirement, applies to this case. However, as comment (a) to section 436 explains:

> Subsection (1) is applicable only in the rare cases in which the actor's conduct is intended or obviously likely to cause severe fright or other emotional disturbance, although it is not intended to cause the bodily harm which results from it. It applies only when the fright or emotional disturbance to which the actor intends to subject the other or to which he should realize the other is likely to be subjected, is such, because of its severe character, that a reasonable man would realize the likelihood that it might produce harmful physical consequences (see §§ 306, 312, and 313).

RESTATEMENT (SECOND) OF TORTS § 436, cmt. a (1965). Here, there is no allegation that the conduct of NPS was ever intended or obviously likely to cause fright or emotional disturbance. Accordingly, subsection (1) of section 436 does not apply to the facts of this case.

## 2. The Physical Harm Requirement

■ The Complaint further alleges that all of the Responding Plaintiffs "suffered severe emotional distress that caused physical injuries." Accordingly, the second element required for a valid negligent infliction of emotional distress claim has been sufficiently pled with respect to all of the Responding Plaintiffs.

## 3. The Immediate Family Requirement

The Complaint states that the Responding Plaintiffs are the In-Laws and the Grandchildren of Norman Cohler. However, the NPS contends that the term "immediate family" does not include inlaws or grand-children.

---

[2] Section 436(1) of the RESTATEMENT (SECOND) OF TORTS provides:

> If the actor's conduct is negligent as violating a duty of care designed to protect another from a fright or other emotional disturbance which the actor should recognize as involving an unreasonable risk of bodily harm, the fact that the harm results solely through the internal operation of the fright or other emotional disturbance does not protect the actor from liability.

RESTATEMENT (SECOND) OF TORTS § 436(1) (1965).

While the Restatement does not explicitly define "immediate family," it consistently implies that the term is limited to the spouses, parents, and children of the injured party. For example, comment (f) to section 436 explains that "the rule stated in Subsection (2) applies in such cases, even though the plaintiff's shock or fright is not due to any fear for his own safety, but to fear for the safety of his *wife or child*." RESTATEMENT (SECOND) OF TORTS § 436, cmt. f (1965) (emphasis added). The relevant illustration in section 436 also describes a situation in which a mother suffers from severe emotional distress after a truck strikes her son and nearly misses her in the process. Finally, the Reporter's Notes to section 313 of the SECOND RESTATEMENT OF TORTS ("section 313")[3] distinguish "near relatives" from spouses and parents:

> Bystanders, other than spouses and parents, always have been denied recovery. ... the language used [in the decisions denying recovery] is broad enough to deny recovery for the effects of mental disturbance at harm or peril to any third person, even on the part of near relatives.

RESTATEMENT (SECOND) OF TORTS § 313 (1965).

Furthermore, courts applying the Restatement test for negligent infliction of emotional distress have recognized that the term "immediate family" is limited to parents, spouses, and children. For example, as the court in *Wisniewski v. Johns-Manville Corp.* observed:

> Recovery under this theory is typically limited to circumstances in which a plaintiff observes a sudden, traumatic injury to a family member, as where a "husband is murdered in the presence of his wife."

---

[3]  Section 313 applies where the negligent conduct of the actor threatens the plaintiff with emotional distress likely to result in bodily harm because of the plaintiff's "fright, shock, or other emotional disturbance, arising out of fear for his own safety or the invasion of his own interests." RESTATEMENT (SECOND) OF TORTS § 313, cmt. d (1965). Where, as here, the plaintiffs have themselves been threatened with bodily harm yet claim to suffer emotional distress as a result of harm or peril to a third person and the plaintiffs, comment (d) to section 313 directs us to the rule contained in section 436. Nonetheless, there is no reason to assume that the treatment of familial relationships would be different for negligent infliction of emotional distress under section 313 than it would be under section 436.

*Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 88-89 (3d Cir. 1987); *see also Blanyar v. Pagnotti Enterprises, Inc.*, 451 Pa. Super. 269, 272-273, 679 A.2d 790 (1996) (holding that plaintiff's assertion that he and his cousin were very close friends was insufficient as a matter of law to satisfy "closely related" component of claim for negligent infliction of emotional distress); *Trombetta v. Conkling*, 82 N.Y.2d 549, 626 N.E.2d 653, 605 N.Y.S.2d 678 (N.Y. 1993) (denying recovery for negligent infliction of emotional distress to the aunt of the injured party, who was clearly within the zone of danger at the time of the accident, because she was not an immediate family member).

Additionally, in the context of section 46(2) of the RESTATEMENT (SECOND) OF TORTS ("section 46")[4] the court in *Bettis v. Islamic Republic of Iran* held that nieces and nephews are not considered to be "immediate family members." *Bettis v. Islamic Republic of Iran*, 354 U.S. App. D.C. 244, 315 F.3d 325 (D.C. Cir. 2003). The court took care to distinguish "immediate family" from other, more distant classes of relatives:

> Appellants claim that the immediate family requirement of § 46(2)(a) is satisfied in this case, because [t]he nieces and nephews were near relatives or close associates. ... This, of course, is not the test enunciated in the Restatement. Rather, [section] 46(2)(a) is perfectly plain in its reference to immediate family. It does not refer to family members, near relatives, close associates, or persons with whom the victim has close emotional ties—rather, it says, plainly, immediate family. And there is no doubt whatsoever that, in this case, nieces and nephews are not immediate family members.

*Id.* at 335-336 (internal quotations omitted). The *Bettis* court affirmed the district court's definition of the term "immediate family," which included only "one's spouse, parents, siblings and children." *Id.* at 331. In so affirming, the court noted that "[t]his definition is consistent with the traditional understanding of one's immediate family." *Id.* (citing DAN B.

---

[4] Section 46 applies to outrageous conduct that intentionally or recklessly causes severe emotional distress. Though section 46 does not apply to the facts of this case, "[s]tatutory construction is a 'holistic endeavor.'" *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 59, 125 S. Ct. 460, 160 L. Ed. 2d 389 (2004). Indeed, there is no reason to believe that courts should interpret "immediate family" as used in section 436 any differently from the interpretation of "immediate family" as used in section 46.

DOBBS, THE LAW OF TORTS, § 310 (2000)). The court explained that it lacked the authority "to extend liability for intentional infliction of emotional distress beyond what has been allowed by the common law. ..." *Id.* at 337.

The Responding Plaintiffs claim that the Caveat to section 436[5] (the "Caveat") leaves open the question of whether a person must be a member of the victim's immediate family in order to state a claim for negligent infliction of emotional distress under section 436. However, this argument is unavailing because it fails to recognize that the case law has developed since 1965 (when the Caveat was written) to prohibit recovery under section 436 by anyone except for members of the victim's immediate family. *See, e.g., Chen,* 381 F.3d at 229; *Trombetta v. Conkling,* 82 N.Y.2d 549, 553-554, 626 N.E.2d 653, 605 N.Y.S.2d 678 (1993) (recognizing that section 436 requires the plaintiff to be a member of the victim's immediate family).

This Court will decline the Responding Plaintiffs' invitation to interpret section 436 broadly such that plaintiffs who are not immediate family members of the injured third party may seek relief based on witnessing that injury. Rather, this Court holds that a plaintiff who seeks relief due to emotional distress allegedly suffered as a result of witnessing an injury to a third person must be an immediate family member of the injured third person. The Court further holds that the phrase "immediate family" refers only to parents, children, siblings, and spouses. *See, e.g., Bettis,* 315 F.3d at 331.

---

[5]   The Caveat to section 436 of the RESTATEMENT (SECOND) OF TORTS notes that:

> The Institute expresses no opinion as to whether the rule stated in Subsection (2) may apply where bodily harm to the other results from his shock or fright at harm or peril to a third person who is not a member of his immediate family, or where the harm or peril does not occur in his presence.

RESTATEMENT (SECOND) OF TORTS § 436, Caveat (1965). The Comment to Caveat explains:

> Because of the absence of sufficient decisions, the Caveat leaves open the question of any possible liability under the rule stated in Subsection (3) where the third person is not a member of the plaintiff's immediate family, or the harm or peril to the third person does not occur in the presence of the plaintiff.

RESTATEMENT (SECOND) OF TORTS § 436, cmt. h (1965).

## IV. CONCLUSION

Based on the foregoing, the Complaint has failed to state a claim upon which relief can be granted with respect to the Responding Plaintiffs. Therefore, this Court will grant the motion of the defendant NPS to dismiss the complaint as to Abby Cohler, David Anapolle, Jerry Steiner, Max Cohler, Jacob Anapolle, Geoffrey Anapolle, Jared Anapolle, Alex Arkin, Martin Zachary Steiner, and Samantha Emily Steiner. An appropriate judgment follows.