In an action to recover damages for personal injuries, the plaintiff Shaniqua Thompson appeals from an order of the Supreme Court, Kings County (Ash, J.), dated September 26, *712 2011, as amended, which granted the motion of the defendant Gary P. Dhaiti and the separate motions of the defendant Richard M. Pacific and the defendants Daidone Electric, Inc., and Daidone Electric of New York, Inc., for summary judgment dismissing the complaint insofar as asserted by her against each of them.
Ordered that the order is affirmed, with one bill of costs to the defendants Gary P Dhaiti and Daidone Electric, Inc.
The plaintiff Shaniqua Thompson (hereinafter Shaniqua), the decedent’s stepdaughter, was standing in front of a barbershop when cars driven by the defendants Gary P Dhaiti and Richard M. Pacific collided. One of the vehicles jumped onto the sidewalk, struck the decedent, who had been walking on the sidewalk, and crashed through the front window of the barbershop, pushing the decedent through the window and pinning him against a chair in the shop. The decedent later died of his injuries. Shaniqua seeks damages for the emotional distress caused by having witnessed the decedent’s death while being in the zone of danger.
“[W]here a defendant negligently exposes a plaintiff to an unreasonable risk of bodily injury or death, the plaintiff may recover, as a proper element of his or her damages, damages for injuries suffered in consequence of the observation of the serious injury or death of a member of his or her immediate family—assuming, of course, that it is established that the defendant’s conduct was a substantial factor bringing about such injury or death” (Bovsun v Sanperi, 61 NY2d 219, 230-231 [1984]). Here, Shaniqua asserts that she was a part of the decedent’s immediate family, even though the decedent was not her biological father, because she had lived with him since she was four years old, he had financially supported her for the majority of her life and had acted as her father, and he was the only person that she had ever known as a father figure. The Court of Appeals has balanced the competing interests and announced that public policy requires the limitation of liability under the zone of danger doctrine to the class of people identified as “immediate family” (id. at 224).
Additionally, in Trombetta v Conkling (82 NY2d 549 [1993]), the Court of Appeals refused to extend the definition of “immediate family” to include the plaintiff’s aunt, with whom the plaintiff had a close bond. The Court explained that Bovsun “opened a narrow avenue” to a “very circumscribed right of recovery” (id. at 552). Moreover, the Court held: “[o]n firm public policy grounds, we are persuaded that we should not expand the cause of action for emotional injuries to all bystand *713 ers who may be able to demonstrate a blood relationship coupled with significant emotional attachment or the equivalent of an intimate, immediate familial bond” (id. at 553). The Court also noted: “As a policy matter, we continue to balance the competing interests at stake by limiting the availability of recovery for the negligent infliction of emotional distress to a strictly and objectively defined class of bystanders. In addition to the prevention of an unmanageable proliferation of such claims—with their own proof problems and potentiality for inappropriate claims—the restriction of this cause of action to a discrete [and] readily determinable class also takes cognizance of the complex responsibility that would be imposed on the courts in this area to assess an enormous range and array of emotional ties of, at times, an attenuated or easily embroidered nature” (id. at 553-554). Here, unlike in Trombetta, there is no blood relationship, even if the plaintiff and the decedent had the same quality of relationship that a parent has with his or her biological child. In light of the strong public policy limiting liability under the zone-of-danger rule and favoring an objectively defined class of individuals who fall within “immediate family” for purposes such liability, we concluded that stepchildren are not immediate family members. Thus, the Supreme Court properly granted the motion of the moving defendants for summary judgment dismissing the complaint insofar as asserted by Shaniqua against each of them. Rivera, J.P., Lott, Roman and Sgroi, JJ., concur.